FILED ____ ENTERED
____ LODGED ____ RECEIVED

MAR 30 2004 PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

04-CV-00670-CMP

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERMAND GODOY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T WIRELESS SERVICES, INC., a Delaware corporation,<br><br>Defendant. | NO. C04-0670P<br><br>CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3) UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER THE DECLARATORY JUDGMENT STATUTE<br><br>**DEMAND FOR JURY TRIAL** |

All allegations made in this Complaint are based upon information and belief except those allegations which pertain to Plaintiff, which are based on personal knowledge. Plaintiff's information and belief are based upon, inter alia, Plaintiff's own investigation, and the investigation conducted by Plaintiff's attorneys. Each allegation in this Complaint either has evidentiary support or, alternatively, pursuant to Rules 8(e)(2) and 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## I. NATURE OF THE ACTION

1.1.     Defendant AT&T Wireless Services, Inc., a Delaware corporation ("AWS" or "Defendant"), entered into contracts with customers, including Plaintiff, to provide wireless

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 1
4087/001/163223.2

ORIGINAL

telephone services ("Services Contracts"). Under the terms of the Services Contracts with Plaintiff, the monthly billing cycles were to be pro-rated for partial months and there were to be no billing cycle charges for any full billing cycles following termination by Plaintiff. Therefore, if Plaintiff either initiated wireless service at some point other than the first day of a billing cycle or terminated wireless service prior to the end of a billing cycle, Plaintiff was only obligated to pay AWS for the portion of the cycle in which he maintained service and no other pre-contract or post-contract periods.

1.2. However, beginning in 2003 or earlier, AWS failed to honor the pro-ration terms of the Services Contracts with Plaintiff and began to charge Plaintiff for billing cycles that included time after Plaintiff terminated the Services Contracts, despite the fact that Plaintiff did not have the benefit of service during the entire period being billed ("Full Cycle Penalty"). The result is that Class members who terminated their contracts with Defendant as early as the first or second day of their cycle were charged for the remaining 27-30 days of service, yet Defendant provided them no services. Worse yet, some Class members terminated their Services Contracts mid-cycle and were billed for the remainder of the month plus an additional month or more for service because AWS delayed processing the termination so the termination date was carried over into the next billing cycle.

1.3. Plaintiff contends that Defendant failed to disclose or failed to adequately disclose this practice or any alleged "change" in the terms of the Services Contracts. Plaintiff brings this action on his own behalf and on behalf of a class of all other similarly situated consumers.

1.4. Under the recent "Federal Communication Commission's Wireless Local Number Portability Rule" ("WLNP"), Defendant is obligated to permit its customers who switch wireless service providers to take their telephone number with them to the new provider ("porting"). Despite the fact that Defendant agreed it could process a port request in 2½ hours, it has instead delayed porting customers' numbers for periods of days or even weeks at a time.

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 2

4087/001/163223.2

During this period of delay, customers are still charged for services. Furthermore, if AWS's delay pushes them even one day into the next billing cycle, they are billed for another full month's cycle, despite having less than a month's use. The result is that even customers who cancel on the last day of their billing cycle become subject to the Full Cycle Penalty because of Defendant's delay.

1.5. In response to complaints by customers regarding the failure of AWS to prorate final billing cycles that cover less than a one-month period, or to notify them of any change in the terms of the Services Contracts, AWS has advised them it has the right to change unilaterally the terms of its Services Contracts. However, AWS has been unable to produce proof of notice to its customers of any alleged "change."

## II. JURISDICTION AND VENUE

2.1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this matter involves a federal question, namely a violation of 41 U.S.C. § 201. In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the state law claims because all of the claims are derived from a common nucleus of operative facts and are such that Plaintiff would ordinarily expect to try them in one judicial proceeding.

2.2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and 1446(a) because Defendant transacts substantial business within, and is subject to personal jurisdiction in, this judicial district, and because a substantial part of the events giving rise to the claims asserted herein took place in this judicial district.

## III. PARTIES

3.1. Plaintiff Germand Godoy ("Godoy") is a resident of Austin, Texas, and entered into two contracts for services with Defendant.

3.2. AWS is, and at all times relevant hereto was, a Delaware corporation with its principal place of business within the state of Washington located in King County.

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 3

4087/001/163223.2

## IV. FACTUAL BACKGROUND

4.1. AWS contracts with customers to provide wireless telephone services. Such services are billed in monthly billing cycles. With the exception of certain early cancellation fees for Services Contracts with a duration greater than one month, Defendant is obligated to prorate charges to customers for any billing cycles charged to them that covered less than a full month, and not charge them for additional months of service after the customer terminates service ("proration").

4.2. Upon entering into Services Contracts with Plaintiff, Defendant did prorate the first billing cycle if it was less than a full month and did prorate subsequent billing cycles, including final cycles for certain customers, if those cycles were less than a full month and the customers cancelled their services at some time in 2003 or earlier.

4.3. At some point in 2003 or earlier, Defendant began to impose a Full Cycle Penalty on customers who terminated their agreements on any day other than the final day of a full month's billing cycle.

4.4. In response to inquiries from a proposed Class member, AWS alleged that it had changed the terms of the Services Contracts, but it could not provide proof of any notice provided to its customers of such a change. Despite repeated demands by a proposed Class member, AWS refused to honor the terms of its Services Contracts regarding proration. Instead, AWS demanded and continued to demand payment for a full month's billing cycle despite the fact that it only provided a partial month of service to Plaintiff and Class members.

4.5. Meanwhile, on November 24, 2003, after AWS began refusing to honor its final month proration obligations, under WLNP, Defendant became obligated to permit customers located in the 100 largest Metropolitan Statistical Areas ("MSA") who switch providers to take their telephone number with them to the new provider (and to provide this benefit to the remainder of its customers no later than May 24, 2004). Defendant agreed with the FTC that processing a wireless-to-wireless porting request would take approximately 2½ hours.

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 4

4087/001/163223.2

4.6. However, when WLNP became effective, instead of processing a porting request in the agreed upon 2½ hour timeframe, Defendant often delayed such processing for days and even weeks. In just the first two months of implementation of WLNP (November 24, 2003–January 23, 2004), the FTC received almost 5,000 complaints regarding WLNP, the majority of which concerned delays in porting wireless numbers from one wireless provider to another. Complaints against AWS comprised almost half of all complaints filed (2,297/4,734 = 49%).

4.7. This delay, coupled with AWS's refusal to honor its proration obligation, resulted in numerous customers being charged for services they did not contract for and, indeed, did not even use. This applied even to those customers who terminated their contract at the end of the billing cycle. Although they would normally not be subject to the Full Cycle Penalty, AWS ensured that many customers would be affected by delaying processing of the porting request and carrying many customers into the beginning of the next month's billing cycle for which they would be charged for an entire month, despite only receiving service for only one or more additional days.

4.8. AWS has admitted that such delays occurred and conceded that they were the result of internal technical difficulties, as well as technical difficulties of a third-party clearinghouse, which were preventing AWS from processing such requests faster.

## V. ALLEGATIONS PERTAINING TO THE NAMED PLAINTIFF

5.1. In or about 1996 or 1997, Plaintiff Godoy entered into a Services Contract with AWS. In or about December 1999 or January 2000, Mr. Godoy entered into a second Services Contract with AWS for a separate phone. Mr. Godoy's billing cycles ended the 20th day of each month. On December 22, 2003, Mr. Godoy terminated his contract with AWS and requested each number be ported to another service provider (Sprint). AWS delayed processing his request for over a week and then advised Godoy that he was subject to a Full Cycle Penalty, because his service was not terminated until December 31, 2003, or January 1,

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 5

4087/001/163223.2

1  2004. However, AWS offered to not impose the Full Cycle Penalty if he ported his number

2  back to AWS. In response to repeated demands by AWS, Mr. Godoy paid the bill of $262.14,

3  including a Full Cycle Penalty.

### VI. ALLEGATIONS REGARDING ABSENT CLASS MEMBER DAVID STUART

6.1.   In or about December 2001, Mr. David Stuart entered into a Services Contract with AWS. On October 13, 2003, Mr. Stuart notified AWS that he was terminating his contract. In response, AWS advised him it was imposing a Full Cycle Penalty and that he would be responsible for paying for service through November 6, 2003 (the end of a full month's billing cycle). In response to an inquiry by Mr. Stuart to AWS informing AWS that he was not aware of any such Full Cycle Penalty terms and his investigation revealed no such terms, AWS provided the following response:

> Dear Mr. Stuart:
>
> Thanks for contacting AT&T Wireless about the end of billing cyycle [sic] cancelation [sic] policy. We have changed our policies to give our customers the opportunity to best manage their wireless service. By giving you until the end of your current month of service, you may tell your friends and family of your new contact number, manage your voice mail and use all the benefits of service that are available to you. In addition, some customers have reconsidered ending their service, and this allows you time to confirm your plans. Also it prevents prorated charges that may cuase [sic] you to exceed the airtime allowed for the prorated period. We aplogise [sic] but we not [sic] make allowances for this policy.

6.2.   Over the next several weeks, Mr. Stuart again and again requested AWS provide authority for its position that he was subject to the Full Cycle Penalty and, again and again, AWS refused to provide any additional useful information.

### VII. CLASS ACTION ALLEGATIONS

7.1.   Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class which Plaintiff seeks to represent is defined as all residents of the United States of America who were customers of AWS and who were billed for any billing cycle(s) or portion(s) thereof that

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 6

4087/001/163223.2

covered any period of time after the date on which they requested termination of their Services Contract ("the Class").

7.2. This action is brought and properly may be maintained as a class action pursuant to Rule 23(1)(1)-(4) and Rule 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.

7.3. While the exact number of Class members is unknown at this time and can only be determined through appropriate discovery, membership in the Class is ascertainable based upon the billing records maintained by Defendant. At this time, Plaintiff is informed and believes that the Class likely includes hundreds of thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

7.4. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class, as required by Rule 23(a)(4). Plaintiff is an adequate representative of the Class as he has no interests which are adverse to the interests of the members of the Class. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

7.5. Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff and each member of the Class received either no notice or inadequate notice of AWS's refusal to honor its obligation to prorate, and have been damaged by AWS's refusal to prorate.

7.6. Common questions of law and fact exist as to all members of the Class, as required by Rule 23(a)(2), and predominate over any individual questions.

7.7. The common questions of fact include, but are not limited to, the following:

    7.7.1. Whether AWS refused to honor its proration obligations;

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 7
4087/001/163223.2

       7.7.2.    Whether AWS notified Class members of its intent to refuse to honor its proration obligation;

       7.7.3.    Whether AWS's notice, if any, of its intent to refuse to honor its proration obligation was sufficient; and

       7.7.4.    Whether AWS's delays in processing porting requests or other termination requests resulted in its customers being subject to charges for service during billing cycles after the date they requested cancellation.

    7.8.    The common questions of law include, but are not limited to, the following:

       7.8.1.    Whether AWS's refusal to honor its proration obligations constitutes a breach of the terms and conditions of the Class members' Services Contracts;

       7.8.2.    Whether AWS's refusal to honor its proration obligations constitutes a violation of the Federal Communications Act;

       7.8.3.    Whether AWS's refusal to honor its proration obligations constitutes an unjust enrichment; and

       7.8.4.    Whether AWS's refusal to honor its proration obligations requires declaratory relief.

    7.9.    A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action under Rule 23(b)(3) because:

       7.9.1.    The expense and burden of individual litigation make it economically unfeasible for the members of the Class to seek redress other than through the procedure of a class action;

       7.9.2.    Were separate actions to be brought individually by each member of the Class, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues;

       7.9.3.    The prosecution of separate individual actions would create a risk of inconsistent adjudications of similar factual issues; and

  7.9.4. Absent a class action, AWS likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

 7.10. In the alternative, this action is certifiable under the provisions of Rules 23(b)(1) and/or 23(b)(2) because:

  7.10.1. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

  7.10.2. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

  7.10.3. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class, and necessitating that any such relief be extended to the Class members on a mandatory, class-wide basis.

 7.11. Plaintiff is aware of no difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

 7.12. The names and addresses of the members of the Class are available from Defendant's records. Notice can be provided to the members of the Class via first class mail or otherwise using techniques and a form of notice similar to those customarily used in class actions arising under federal law.

## VIII. FIRST CLAIM FOR RELIEF
(Violation of the Federal Communications Act, 47 U.S.C. § 201)

 8.1. Plaintiff repeats and incorporates herein by reference each and every previous allegation in this Complaint as though fully set forth herein.

8.2. Defendant is a common carrier engaged in interstate communication by wire for the purpose of furnishing communication services within the meaning of § 201(a) of the Federal Communications Act ("FCA").

8.3. Defendant's practice of imposing a Full Cycle Penalty constitutes an unjust and unreasonable charge and practice in connection with communication services and, therefore, violates § 201(b) of the FCA.

8.4. As a direct and proximate result of Defendant's violation of § 201(b) of the FCA, Plaintiff and each member of the Class have been damaged in an amount according to proof at trial.

## IX. SECOND CLAIM FOR RELIEF
### (Breach of Contract)

9.1. Plaintiff repeats and incorporates herein by reference each and every previous allegation in this Complaint as though fully set forth herein.

9.2. Plaintiff and AWS entered into valid, enforceable Services Contracts under which AWS was to provide Plaintiff with cellular telephone service, and under which Plaintiff was obligated to pay for billing cycles and portions thereof commencing on the date that Plaintiff entered into the Services Contracts and concluding on the date they terminated the Services Contract. In other words, Plaintiff was not obligated to pay for portions of billing cycles or entire billing cycles that cover days prior to entering into the Services Contracts or after notifying AWS of the termination of the Services Contracts.

9.3. Plaintiff and each member of the Class are parties to contracts, namely Services Contracts, with Defendant which are uniform with respect to the provisions applicable to the claims asserted against Defendant.

9.4. Plaintiff and each member of the Class have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the Services Contracts, except to the extent that such performance has been excused by the actions and conduct of Defendant.

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 10

40087/0001/163223.2

9.5.   Defendant breached its contractual obligations under the Services Contracts with Plaintiff and each member of the Class by imposing Full Cycle Penalty.

9.6.   As a direct and proximate result of Defendant's breach of the Services Contracts, Plaintiff and each member of the Class have been damaged in an amount according to proof at trial.

## X. THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

10.1.   Plaintiff repeats and incorporates herein by reference each and every previous allegation in this Complaint as though fully set forth herein.

10.2.   Plaintiff and the Class conferred a benefit upon Defendant by paying the Full Cycle Penalty.

10.3.   Defendant was aware of and retained such benefit.

10.4.   In addition to and in the alternative to its breach of contract claim, Plaintiff and the Class should be reimbursed for the value of the benefit conferred upon Defendant, which Defendant knowingly accepted and wrongfully and inequitably retained. The value of the benefit conferred upon Defendant will be established at trial.

## XI. FOURTH CLAIM FOR RELIEF
### (Declaratory Relief Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*)

11.1.   Plaintiff repeats and incorporates herein by reference each and every previous allegation in this Complaint as though fully set forth herein.

11.2.   An actual controversy has arisen and now exists between Plaintiff and the members of the Class, on one hand, and Defendant, on the other hand, concerning their respective rights and duties in that Plaintiff and members of the Class contend that Defendant is engaging in, and continues to engage in, the improper practices of imposing a Full Cycle Penalty and delaying unreasonably in processing porting requests, while Defendant contends that its actions and conduct are lawful and proper.

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 11

4087/001/163223.2

11.3. A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiff and the members of the Class may ascertain their rights and duties with respect to Defendant's practices as alleged herein.

## XII. JURY DEMAND

Plaintiffs demand that this case be tried by a jury of twelve persons.

## XIII. RELIEF REQUESTED

Plaintiff, on behalf of himself and all others similarly situated, requests that the Court enter judgment against Defendant as follows:

13.1. <u>Class Action Certification</u>. For a certification of the proposed Plaintiff Class pursuant to Fed. R. Civ. P. 23;

13.2. <u>Notice</u>. For a declaration that Defendant is financially responsible for notifying all Class members about this litigation;

13.3. <u>Damages Under the Federal Communications Act, 47 U.S.C. § 206</u>. For an award of compensatory damages, restitution, attorneys' fees, and other costs as allowed under the Federal Communications Act and in an amount to be proven at trial;

13.4. <u>Damages Under the Common Law</u>. For an award of compensatory damages and restitution as allowed under the common law and in an amount to be proven at trial;

13.5. <u>Declaratory Relief</u>. For an order declaring the respective rights of Plaintiff and Class members and the duties of Defendant regarding Defendant's practice of imposing a Full Cycle Penalty and delaying the processing of porting requests;

13.6. <u>Injunctive Relief</u>. For an order enjoining Defendant from imposing a Full Cycle Penalty and from delaying the processing of porting requests;

13.7. <u>Constructive Trust</u>. For the establishment of a constructive trust against Defendant for all proceeds received from the imposition of a Full Cycle Penalty and the delaying of the processing of porting requests, or to make full restitution to Plaintiff and the Class;

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 12
4087\001\163223.03

13.8. <u>Attorneys' Fees and Other Costs</u>. For an award of Plaintiff's and Class members' reasonable attorneys' fees and other costs, as provided by law;

13.9. <u>Interest</u>. For an award of pre-judgment and post-judgment interest, as provided by law;

13.10. <u>Leave to Amend</u>. For leave to amend these pleadings to conform to the evidence presented at trial; and

13.11. <u>Other Relief</u>. Such other relief as this Court deems just and equitable.

DATED this 30th day of March, 2004.

LAW OFFICE OF JAMES M. BEAULAURIER

By: _____
James M. Beaulaurier, WSBA #7811
jmblaw@seanet.com
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.340.1010

**TOUSLEY BRAIN STEPHENS PLLC**
Beth E. Terrell, WSBA #26759
bterrell@tousley.com
Toby J. Marshall, WSBA #32726
tmarshall@tousley.com
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600

**FOLEY & BEZEK, LLP**
Peter J. Bezek, WSBA #7900
pbezek@foleybezek.com
Robert A. Curtis
rcurtis@foleybezek.com
15 West Carillo Street
Santa Barbara, California 93101-8217
805.962.9495

**ARIAS, OZZELLO & GIGNAC, LLP**
J. Paul Gignac
jpgignac@aogllp.com
Michael R. Ferrone
mferrone@aogllp.com
1231 State Street, Suite 206
Santa Barbara, California 93101
805.892.5500

**Attorneys for Plaintiff**

CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE
FEDERAL COMMUNICATIONS ACT; (2) BREACH OF CONTRACT; (3)
UNJUST ENRICHMENT; AND (4) DECLARATORY RELIEF UNDER
THE DECLARATORY JUDGMENT STATUTE - 14

4087\001\163223.02